An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RIVER GLIDER AVENUE TRUST,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A.,<br>Respondent. | No. 63550<br><br>**FILED**<br><br>NOV 2 0 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

The district court granted Bank of America's motion to dismiss, finding that River Glider Avenue Trust had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "refers to a judicial foreclosure action and is not applicable when the home owner's association forecloses under the non-judicial foreclosure statutes" and, regardless, "the home owner's association foreclosure sale . . . cannot extinguish Bank of America's deed of trust because it was recorded prior to the home owner's [association's] lien." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

14-38308

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Saitta

PARRAGUIRRE, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Parraguirre

cc:     Hon. Stefany Miley, District Judge
        Law Offices of Michael F. Bohn, Ltd.
        Akerman LLP/Las Vegas
        Eighth District Court Clerk